I'm substituting Mr. Andrews on behalf of the Mnchumina Natives, Inc. It's Michael Wollery? Wollery, yes. How do you spell that? W-A-L-L-E-R-I. Thank you. And if I may reserve two minutes.  I will not bore the Court with repeating the arguments in the brief. A critical issue here is whether Mnchumina Natives, Inc. has the capacity to bring this to you. And, of course, that's a matter of state law. MNI is a legitimate for-profit corporation. It was dissolved for failure to pay the files by annual reports and taxes and was reinstated in 2005. Let me ask about the reinstatement. Why should we defer to a state agency when it clearly had no authority to reinstate something that wasn't instated? I don't think that's an accurate characterization of state law. The state law allowed for the reinstatement of village corporations. One of the things that's not particularly appreciated by the District Court was that Mnchumina Natives, or the Mnchumina group, was listed under the Claims Act as a village. And it looked as if the Department of Interior declined to uphold it as a village because of the population issue. And it was at that point that it went forward with the group application. And this is a very interesting thing because if you take a look at the very idea of whether or not it was a village corporation when it was organized, there's no question it was a village corporation. There was no such thing as a group corporation at the time it was organized. The last paragraph, miscellaneous provision in the decision by the District Court, really evinces the inconsistencies of thought here. And that is that the state law really doesn't make a distinction except in this one area. What's a village corporation and what's a group corporation? And what's a native corporation? That is really a distinction of federal law contained within the Claims Act, which has been amended and changed. And, of course, Mnchumina's status has changed throughout this process. The question here was whether or not, I think, looking back at when it was incorporated, it wasn't incorporated as a village corporation. And there is absolutely no question that when this corporation was originally incorporated, it was incorporated as a village corporation because legally there wasn't such thing to authorize the organization of a group corporation. Well, does the state law contemplate that the organizational status as a corporate, whether it's a native corporation or a village corporation, are they just adopting, does the Act adopt the federal structure? I'm not sure it does. That's an ambiguity as to what exactly the state law is intending to do. But it gets back to the first question, and that is why should you defer to the state? And the strongest argument here, the strongest argument is actually put forward by the government's brief in footnote 10, in which the government cites to a statute, a state statute, which governs here, AS 10-06-218, which says that the certificates of incorporation are conclusive. They are conclusive as a matter of state law. But this is not a certificate of incorporation. This is a certificate of reinstatement. That's a distinction that is not clear, Your Honor. The question is, what is a certificate of reinstatement? It is, in fact, a certificate saying that it is incorporated in. It is, in a sense, the same thing. It is a distinction without a difference as to whether or not it is a reinstatement or a certificate of incorporation. I guess I don't understand that. How can you reinstate something that's never been instated? Well, as simple a fact as it was, there was an original certificate of reincorporation. And, of course, I guess that's the whole thing. Does the reinstatement delay back to the original incorporation? Now, if you take a look at the record here, one of the things that was absolutely crystal clear in the joint statement was that the parties agreed that the entity that wasn't reinstated was, in fact, the for-profit corporation that dated back to 1973. And so you get this thread of consistency. And that's another point here. Was this action consistent with state law? The state did away with the notion of de facto incorporation, but the state has always embraced the notion of the doctrine of substantial compliance. And under the doctrine of substantial compliance, an entity which does not have the capacity to sue has the ability to reform and reinstate itself under certain conditions. One of the things that happened here is that this is a collateral attack on a decision by the commissioner of the Department of Commerce and Economic Development, who wasn't joined in this, and has not articulated why he reinstated this corporation and what his authority was. It happened in one day, didn't it? They just filed and the clerk signed off on it. And what we see is that the state has a legislative history here. The state legislature has been very reticent to allow the native corporations to simply evaporate and to go away for technical deficiencies, which is consistent with the whole body of the last law about substantial compliance. Let me ask you a question. You keep saying it's ambiguous, that there are all these different threads through here. I think our prior panel suggested that this is an issue that might be decided by the Alaska courts. Is this a proper case for certification? You know, I'm glad you asked that question because I think it is. Me too. I always like getting credit for asking a good question. Well, it's always nice to have the bench do your lawyering for you because it was not referenced, it was not suggested. But I would suggest that's an excellent idea because the reality is that this is a matter that is determined by state law. And the question here is much more complex. The federal court here is trying to guess what is in the mind of the commissioner. Before we reach that decision, don't we have to decide a threshold question of to what extent the state determination is binding? In other words, at least the government is proceeding on the assumption it's not binding at all. We can look behind it. Correct. So, it doesn't matter what the state supreme court says if we can look behind it, does it? I may respectfully disagree. The question is what are you going to do when you look behind it? You must look to what is state law. And what is state law is best determined by the Alaska Supreme Court. Well, here's the thing. To me, it's not very complex as to what the state law says in so many words. It's a question of how much discretion whoever it is that issued the certificate, the commissioner, the Department of Commerce and Economic Development, how much discretion they have in interpreting the statute. But regardless of that, and this is a question we have to decide, the government's position seems to be whatever the state decides, we can look behind it. That is exactly what our position is. And I would suggest that the problem is if you look behind it, you need to look behind it with regards to state law. And one of the governing principles of Alaska state law, throughout Alaska state law, is that statutes that cause forfeiture are highly disfavored in Alaska. And that's Summers' development versus Sugar's. So, for instance, if we were to follow your point that says, you know, the footnote 10 of the government's brief refers to the statute that says the certificate of incorporation is conclusive, right? Now, you're suggesting that, well, that same doctrine applies to the certificate of reinstatement, right? Yes. Now, but in spite of that, I suppose the government still says, well, we can still look behind that, even though they say it's conclusive, it's not conclusive on the Department of Interior. You can still look behind it, but the problem you have, Your Honor, is that the question is whether or not this was a village corporation when it was incorporated. And the answer is it had to be a village corporation when it was incorporated because there was no such thing as a group corporation. So you can look behind it all you want. The problem is there has to be some authority to suggest that in 1973 there was a federal law that said this was a group, and it didn't exist at that time. I would say one last thing, and that is that the idea of – there is a long history of elevating form over substance with regards to Native American rights. And the best example, the earliest example of that, is the 1512 Law of Burgos, which basically said that if Indian people converted to Christianity, they would not. They would not be subject to conquest and enslavement. And to make that happen, the Spanish conquistadors were required to recite the Requiremental, which gave them notice of their rights. But it was in Spanish, and it was read in Spanish. The problem we have here is exactly the same thing 37 years after EGSA, and that is the question of subjecting substance or replacing substance for form. This was a village corporation incorporated in 1973, and the commissioner acted properly in reinstating it in 2005. And the suggestion that it didn't have that authority is not grounded on any rational basis unless you accept the idea that the enactment of group legislation subsequent to 1973 transformed this corporation into something that it was not when it was first adopted. And I would suggest that that interpretation is a matter of state law, and the commissioner was fully within his authority to determine that this was a village corporation entitled to reinstate it. All right. Thank you. Good morning, and may it please the court. My name is Anna Katselis, and I represent the United States Department of the Interior. The Chumana Inn is incorporated, lost the capacity this year when it was involuntarily dissolved in 1993. The corporation's purported reinstatement in 2005 has no basis in Alaska law, that is clear, and therefore no legal effect. The district court's judgment that it lacks capacity to sue should be affirmed. Your argument is that because it was dissolved, it could not be reinstated. No, it had opportunities to be reinstated. It didn't avail themselves of them. It was not reinstated, therefore, well, it was no, the corporation was dissolved in 93, is that correct? That's correct, Your Honor. And my point was, you couldn't reinstate a dissolved corporation. You could not reinstate this dissolved corporation in 2005. Alaska law provides all corporations with a two-year window within which to be reinstated. And Chumana Natives Incorporated did not avail itself of that opportunity. The Alaska legislature afforded all native corporations a second opportunity to be reinstated within one year, June 29, 1994. That's subsection 960I of the Alaska Corporation's Code. And Chumana Natives Incorporated did not avail itself of that second opportunity. It was dissolved for over 12 years before it sought reinstatement. The Alaska Corporation's Code provides no basis to be reinstated at that late date. So at that point, there is no statutory basis for reinstatement. Well, what you're saying is the reinstatement by an Alaska official was ultraviolet, right? That's correct, Your Honor. But that isn't necessarily the only answer, is it? In other words, you know, suppose they say, well, you know, it's like that three-year period, we're talking about, like, a statute of limitations, it can be waived. Why can't you make that determination as a matter of state law? Well, I think that if you look at it— Or she, whoever did it. Well, I think that, first, there's no indication that the Chumana Natives submitted nothing to the district court indicating that the— See, my question, though, is why should the capacity of the corporation to sue, usually, you know, under Rule 17, we just look to the state authority, right? We see, well, do they have a certificate from the state? If they have, the answer is yes. But why should we look behind that? In other words, why doesn't, as Mr. O'Leary pointed out, under your footnote 10, why shouldn't that doctrine that applies to the original certificate apply to the certificate in the corporation? I mean, that's sort of what, you know, a substantive doctrine adopted by the state of Alaska, isn't it? That it's conclusive. These aren't things, you know, that we should be fighting about. No, I wholeheartedly disagree, Your Honor. One, we explained in footnote 10 why that provision doesn't control this case. First of all— Well, it doesn't—it doesn't—it doesn't apply to reinstatement on its face. It applies to a certificate of incorporation. I know that, but why can't the commission say, well, I'm going to follow that doctrine? And why should we question? Well, there's Alaska Supreme Court law— No, my question is, is it a matter for the federal courts or the federal agencies to determine, or is it something on which we should accept the state determination because the rule says determined by state law, right? It is a matter—it's a question of state law, and the district court had the power and had the authority to determine whether there—whether this is a legal, valid reinstatement. It's also a question that was given to the court by this—to the district court by this court when we were here before to look at this question and determine whether, if this is an improper reinstatement, whether that has authority. The situation presented in this case is very similar to the situation presented in R v. McGinnis. It's a 10th Circuit case. We cite 386 F 2nd 592. Just like here, a corporation had been—had been reinstated. The district court determined there was no statutory basis for the reinstatement, and the 10th Circuit affirmed that. It would not be appropriate—the Department of the Interior plainly had a right to challenge the capacity of Intrument and Aiders Incorporated to sue under Federal Rule 17b, clearly had the right to challenge the capacity of the corporation to sue. It would be wrong for the court to turn a blind eye to the fact that there is patently no statutory basis for the reinstatement. What's your response to Judge Fischer's question about whether we should certify this question to the last district court? Well, we don't—we don't find it necessary at this point because of how clear the law is. And the last time that we were before this court, it sent it back saying to the district court, you may want to certify this, and the district court found it was not necessary. We don't find it necessary primarily because of the clarity of the statutory language. There is clear Alaska Supreme Court law that administrative agencies only have the powers they are given by statute and that an implication of authority cannot arise from the statutory vacuum. So in light of that, we don't think it's necessary, but it's not something we would oppose, Your Honor. But at this point, you look at the statute. The statute gives all Alaska corporations a two-year window in which to be reinstated. Then it gave all native corporations an additional window of time in which to be reinstated. Intrument and Aiders did not take that opportunity. But Section K is limited. It is limited to native village corporations. Mechumena Natives Incorporated was not a native village corporation. Never was, never could be. The history, if you look at Mechumena's own complaint, it applied for benefits as a native group after the BIA determined that it was ineligible to qualify as a native village. That is in Mechumena's own complaint. So it applied, and the reason is because it had less than 25 members as of the 1970 census enumeration date. That is an ANSA statutory requirement to be a native village. So it was not a native village corporation. It never met that statutory definition. That statutory definition under which act? Under ANSA. Yes, okay. Right. How does the Alaska statute use the term? Is it the same definition as ANSA's definition? Well, yes, Your Honor. I don't think there's any. I mean, first of all, the title of the whole subsection is Corporations Organized Under Alaska Native Claims Settlement Act. If the Alaska State Legislature intended to adopt a different definition of native village corporation, it certainly would have said so, but it doesn't make any logical sense. I mean, this is a statute about corporations under ANSA, and if you look at subsection P, it expressly defines act as ANSA, and native corporation has the same meaning given in 43 U.S.C. 1602M, which is a provision of ANSA. This is corporations. This whole subsection of the Alaska Corporations Code is about ANSA corporations. And Schumann has made this argument in his brief and again here today that it must have been a village corporation because it wasn't a group corporation. That doesn't make any sense. Plainly, in order to apply for benefits as a native group under ANSA, they had to incorporate under the state laws of Alaska. It does not mean they had to incorporate as a native village corporation, and that would make no sense given the plain distinction between villages and groups under ANSA. A group has less than 25 members. A village has 25 or more members. So that doesn't make any sense. They plainly could incorporate not being a native village, and that's exactly what they did. BIA certified they were not a native village. Then they incorporated and applied for benefits as a native group. So at this point, they simply have, you know, and then they were incorporated and pursued their land claim. But where, in the midst of doing that, in the midst of pursuing their claim, they allowed the corporation to not only be dissolved but to remain dissolved for more than 12 years, missing two opportunities to be reinstated. And now they've obtained this certificate that has no statutory authority. It was well within the district court's power to evaluate it and to determine whether there was a statutory basis and whether this corporation in fact has capacity to sue, and it does not. There's no basis for it under Alaska law, and there's no, and also the other thing that we have in the appendix is the 1980 attorney general's opinion in which the attorney general has asked for its opinion about whether native village corporations, and this was before the Alaska legislature had even enacted the additional windows, but whether native village corporations could be reinstated after the two-year period. And the attorney general's answer was no. Just like all other corporations organized under Alaska law, they have to be reinstated within the two-year period or they miss it. This corporation has missed it, and not by a little bit, by a whole lot, and they lack capacity to sue. It's very clear under the Alaska law that they do not fit within the subsection 960K. It is the only possible provision that would authorize a reinstatement of this corporation in 2005, and for those reasons it has no capacity to sue. Are there any further questions? I don't think so. Thank you. May I make one additional point? I'm sorry. You haven't used up all your time, and you haven't forfeited it. Alaska law does not like forfeits. Thank you, Your Honor. I've heard a couple of things about the doctrine of substantial compliance and about Summers. I don't believe either of those things were presented in the briefs and therefore are waived. Thank you. Not forfeited. Waived. All right. It will be a rare case before this panel where the law is patently clear. The ambiguities in state law, what did the legislature mean by village corporation? Does it acknowledge the existence of a distinction between a village corporation and a corporation for the purposes of reinstatement? Those are all highly ambiguous under the state's statutory system, and the idea that there is a clear and unequivocal answer to that is simply not particularly accurate. The point here is, and secondly, the prior panel did not say that, did not announce a law saying, or a principle of law saying, that the district court could go on a freewheeling collateral attack upon the actions of the Commissioner of Commerce and Economic Development. What it said, with great particularity, is that the record did not support such a collateral attack, and furthest it from finding a remand so that this panel might take a look at the issue. Finally, the question is that, after 37 years, it would be very nice to put this issue to rest and decide the matter as to whether or not it is unfit to participate in a 37-year-old land claims based upon the merits of their claim, as opposed to a rather wooden view of Alaska corporate law, which is highly disfavored. Thank you. Okay, thank you. All right, the case argued is submitted, and we will move to the next case on calendar, which is Stratman v. Leinoy. Thank you.
judges: Nelson, Tashima, Fisher